The opinion of the Court was delivered by
Nott, J.
The question, whether one judge can reverse the order or decision of another, does not occur in this case.[1] But the question is whether, when one judge has made an order, the operation of which has been *defeated by any subsequent circumstances, a succeeding judge can r-^qoo make such further order as is necessary to carry the first into effect ? L The Legislature has given the Courts of Common Pleas and Equity the power, or rather has enjoined upon them the duty of appointing appraisers to value the property of individuals, which may be necessary for public purposes, in aid of the internal improvements now carrying on by the State. Will it be pretended, that if any one or more of them should resign, refuse to act, become interested in the question, or from any other cause could not serve, that others might not be appointed in their places ? Such a construction would fall very short of fulfilling the expectations of the Legislature. Indeed, it would be very unfortunate for the person whose property is taken, if it were so. It would not prevent the public works from going on, but it would leave the individual without the means of obtaining compensation. There are a variety of other questions interwoven in this motion, which the Court do not think regularly before them, and which it is not within their province to decide in this way. The motion must, therefore, be discharged.
Coloock, Gantt, Johnson, Richardson and Huger, concurred.

 Post. 489.

 1 Bail. 10; 2 Bail. 6.